**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THELMA WRIGHT and JACOB JONES | |
| Plaintiffs, | |
| v. | |
| CITY OF CHICAGO, CHICAGO POLICE OFFICERS: OFFICER SZCZUR, Star No. 18774, OFFICER MATTHEW SANCHEZ, Star No. 10159, JUAN PEREZ, Star No. 19056, and DANILO LOZA, Star. No. 16201. | |
| Defendants. | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COME Plaintiffs THELMA WRIGHT and JACOB JONES, by and through their attorney, James M. Baranyk, and complaining of Defendants, CITY OF CHICAGO, OFFICER SZCZUR, Star No. 18774, OFFICER MATTHEW SANCHEZ, Star No. 10159, JUAN PEREZ, Star No. 19056 and DANILO LOZA, Star No. 16201 and as follows:

### INTRODUCTION

1.     This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### JURISDICTION & VENUE

2.     This Court has jurisdiction of the action pursuant to 28 U.S.C. Sections 1331 and 1367, and venue is proper under 28 U.S.C. Section 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

**THE PARTIES**

3.      Plaintiffs, Thelma Wright and Jacob Jones, are residents of the City of Chicago in the County of Cook, Illinois.

4.      Defendant City of Chicago ("City") is a municipal corporation incorporated under the laws of the State of Illinois that operates the Chicago Police Department, and, at all times relevant to the events complained of herein, was the employer of Defendant Officers. The City is sued pursuant to the doctrine of *respondeat superior* on the pendant State Law Claim.

5.      The Chicago Police Officer Officers were at the time of the occurrence City of Chicago Police Officers. They engaged in the conduct complained of while in the scope of their employment and under color of law. They are sued in their individual capacity.

**BACKGROUND**

6.      On October 5, 2020, the Plaintiff Thelma Wright was in the Alley behind 1250 N. Mason St., moving her car.

7.      Defendant Officer Sanchez came running from the south end of the alley.

8.      Officer Sanchez screamed at Ms. Wright before pulling out his gun and continuing to run down the alley.

9.      At approximately the same time Defendant Officer Szczur pulled up on the north end of the same alley driving with his gun jostling in his right hand.

10.     Defendant Szczur pointed his gun at Mr. Jones and hollered at Mr. Jones.

11.     Ms. Wright is Mr. Jones' fiancé.

12.     Defendant Sanchez also pointed his gun at Mr. Jones.

13.     Defendant Sanchez handcuffed Mr. Jones face down on the ground

14.     Defendant Szczur pointed his gun at another person who was standing in the

2

Alley and forced him to the ground.

15.     Defendant Sanchez's partner handcuffed Ms. Wright and made her sit by a fence.

16.     All Defendant Officers held her there against her will without any legal basis.

17.     Defendant Szczur, without a warrant or other lawful basis decided to search Thelma Wright's Hyundai and went to her vehicle.

18.     Defendant Szczur first searched the interior of the car, opened the trunk, and searched the trunk including going inside closed bags and a purse.

19.     Defendant Szczur had no lawful basis to search her property.

20.     Defendant Szczur found nothing incriminating.

21.     Each of the officers witnessed what was happening with Ms. Wright and the search of her car and could have stopped the actions if had they chosen to.

22.     Defendants took Mr. Jones into custody.

23.     Defendant Sanchez told Ms. Wright to come to the station and ask for him.

24.     Scared about what was happening Ms. Wright went to the station and asked for Defendant Sanchez.

25.     Defendant Sanchez walked outside and spoke with Thelma Wright on the street.

26.     He asked Ms. Wright for her number and told her he would let her know if she could retrieve the vehicle.

27.     Defendant Sanchez texted Ms. Wright to again meet outside the police station at the intersection of Menard and Madison.

28.     Defendant Sanchez gave her the vehicle and also texted Ms. Wright "Call me sometime you got pretty eyes.".

29.     Defendant Sanchez had taken Ms. Wright's fiancé, Mr. Jones into custody and

was in possession of her car.

30.     His actions in returning her car were coercive and outside of the normal mechanisms for retrieving impounds.

31.     Defendant Sanchez believed that that because she was a black woman whose fiancé he had arrested, he had power over Ms. Wright.

32.     Ms. Wright was intimidated and believed that Defendant Sanchez could harm Mr. Jones or keep him in custody if she did not comply with his unorthodox requests.

33.     Defendant Sanchez had no rational basis for his actions.

34.     This would not have happened if Ms. Wright had been a middle-class white woman in Lincoln Park.

35.     Rather than engage with a neutral arbiter, Ms. Jones had to curry favor with the man who violated her and her fiancé's rights, including meeting him outside the station to discuss her car, and receiving unwanted and solicitous text messages.

36.     These actions amounted to a seizure and an improper restraint on her freedom.

37.     Defendant Sanchez knowingly took advantage of his position of power over Ms. Wright in a manner that caused her harm.

## Count I
### 42 U.S.C. Section 1983
### Fourth Amendment – Excessive Force by Defendant Officers Sanchez and Szczur Against Mr. Jones

38.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

39.     The actions of these Defendant Officers, as detailed above, constitutes unreasonable, unjustifiable, and excessive force against Plaintiff; thus, violating Plaintiff's rights under the Fourth Amendment to the United States Constitution.

40.      As a result of the Defendants' misconduct described in this Count, Plaintiff

4

suffered injury including but not limited to emotional distress.

## COUNT II – 42 U.S.C. § 1983
**Fourth Amendment: Unreasonable Search and Seizure against Defendant Szczur**

41.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

42.     As described in the preceding paragraphs, Defendant Szczur violated Ms. Wright's right to be free of unconstitutional seizures by unlawfully searching the interior of her car, opening the trunk, and searching the trunk including going inside closed bags and a purse.

43.     The misconduct described above was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

44.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

45.     The misconduct described in this Count was undertaken by Defendant within the scope of his employment and under color of law such that their employer, City of Chicago, is liable for his actions.

46.     As a result of the misconduct described in this Count, Plaintiff has suffered damages, including but not limited to emotional distress.

## COUNT III – 42 U.S.C. § 1983
**Fourth Amendment: Unreasonable Seizure Against All Defendants**

47.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

48.     As described in the preceding paragraphs, all Defendants violated Ms. Wright's Fourth Amendment right to be free from unreasonable seizure.

49.     Defendants had no lawful basis to detain Ms. Wright against her will.

50.     The seizure against Ms. Wright continued through the time when Defendant Sanchez allowed her to retrieve her car and sent solicitous text messages.

51.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

52.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

53.    The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for his actions.

54.    As a result of the misconduct described in this Count, Plaintiff has suffered damages, including but not limited to emotional distress.

**COUNT IV – 42 U.S.C. § 1983**
**Fourth Amendment: Failure to Intervene Against All Defendants**

55.    Each of the foregoing Paragraphs is incorporated as if restated fully herein.

56.    As described more fully in the preceding paragraphs, during the constitutional violations described herein committed against Ms. Wright, each of the Defendant Officers stood by without intervening to prevent the on-scene misconduct described in this Complaint.

57.    As a result of the Defendant Officers' failure to intervene, Plaintiff suffered injury, including but not limited to emotional distress.

**COUNT V – 42 U.S.C. § 1983**
**Equal Protection Claim Against Defendant Sanchez**

58.    Each Paragraph of this Complaint is incorporated as if fully restated herein.

59.    As described more fully above, Defendant Sanchez denied Ms. Wright equal protection of the law in violation of her constitutional rights.

60.    The misconduct described in this count constituted purposeful discrimination.

61.    There was no rational basis for Defendant Sanchez' actions.

62.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

63.     The misconduct described in this Count was undertaken by Defendant within the scope of his employment and under color of law such that his employer, City of Chicago, is liable for his actions.

64.     As a result of the misconduct described in this Count, Plaintiff has suffered damages, including but not limited to emotional distress and anguish.

**COUNT VI – STATE LAW CLAIM**
**Intimidation Against Defendant Sanchez**

65.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

66.     As described in the proceeding paragraphs, Defendant Officer Sanchez violated the Illinois Statute against Intimidation, Illinois Chapter 720 § 5/12-6 (a)(1), by causing her to meet with him and receive solicitous text messages after he had taken her fiancé into custody.

67.     This occurred while Ms. Wright's property and her fiancé, Mr. Jones, were still in the custody and control of Mr. Sanchez and other police officers.

68.     Defendant Sanchez's actions were undertaken intentionally, willfully and wantonly, and with reckless indifference.

69.     As a result of the Defendant Officers' conduct, Plaintiff suffered injuries including emotional distress.

**COUNT VII – STATE LAW CLAIM**
**Indemnification – 745 ILCS 10/9-102**

70.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

71.     At the time of the events described above, the Defendant Officers were employed by the City of Chicago.

7

72.     The Defendant Officers committed the acts alleged above under color of law and within the scope of their employment as employees of the City of Chicago.

## COUNT VIII – STATE LAW CLAIM
### Respondeat Superior

73.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

74.     In committing the acts alleged in the preceding paragraphs, the Defendant Officers were employed by and acting as agents of the City of Chicago.

75.     Defendant City of Chicago is liable as principal for all torts committed by its agents.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants for compensatory damages, punitive damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

## JURY DEMAND

Plaintiffs, hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

/s/ James M. Baranyk
One of the Attorneys for Plaintiff

8